IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**ISMAEL ARREOLA and ISRAEL ARREOLA,**                                **PLAINTIFFS**
Each Individually and on Behalf of All
Others Similarly Situated

vs.                                No. 9:23-cv-50

**SOUTHERN INDUSTRIAL CONTRACTORS,**                          **DEFENDANTS**
**LLC, and SAMUEL ESTIS**

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

Plaintiffs Ismael Arreola and Israel Arreola ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint–Collective Action ("Complaint") against Defendants Southern Industrial Contractors, LLC, and Samuel Estis (collectively, "Defendant" and "Defendants"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA.

Page 1 of 12
Ismael Arreola, et al. v. Southern Industrial Contractors, LLC, et al.
U.S.D.C. (E.D. Tex.) No. 9:23-cv-50
Original Complaint – Collective Action

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Upon information and belief, Defendants are headquartered in Richland Parish, Louisiana, but does business in Corrigan, Texas.

5. Defendants conduct business in Texas and, at all times relevant herein, purposely availed themselves of the benefits and protection of Texas state law.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

7. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiffs within the Lufkin Division of the Eastern District of Texas. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff Ismael Arreola ("Ismael") is an individual and resident of Maverick County.

9. Plaintiff Israel Arreola ("Israel") is an individual and resident of Maverick County.

10. Separate Defendant Samuel Estis ("Estis") is an individual and resident of Richland Parish, Louisiana.

11. Separate Defendant Southern Industrial Contractors, LLC ("SIC"), is a Louisiana limited liability company.

12. SIC's registered agent for service is Thuy Estis at 158 Industrial Loop, Rayville, Louisiana 71269.

13. Defendants maintain a website at https://sicllc.net/.

## IV. FACTUAL ALLEGATIONS

14. Defendants own and operate a construction company.

15. Estis is a principal, director, officer, and/or owner of SIC.

16. Estis took an active role in operating SIC and in the management thereof.

17. Estis, in his role as an operating employer of SIC, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

18. Estis, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

19. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as tools, vehicles and fuel.

20. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21. Defendants are an "employer" within the meanings set forth in the FLSA, and were, at all times relevant herein, Plaintiffs' employer.

22. Defendants employed Ismael as an hourly-paid Foreman from September of 2021 until July of 2022.

23. Defendants employed Israel as an hourly-paid Foreman and GPS Technician from March of 2022 until June of 2022.

24. Plaintiffs were required to drive from their homes in Eagle Pass, Texas to Defendants' job site in Corrigan.

25. Defendants also employed other hourly-paid employees who were required to drive to job sites ("Traveling Employees").

26. At all relevant times herein, Defendants directly hired Plaintiffs and other Traveling Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. At all times material herein, Plaintiffs and other Traveling Employees have been entitled to the rights, protections, and benefits provided under the FLSA.

28. Defendants classified Plaintiffs and other Traveling Employees as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

29. Defendants did not pay Plaintiffs or other Traveling Employees for the time they spent driving from their homes to Defendants' job sites.

30. 29 C.F.R. § 785.39 states, "Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days."

31. Plaintiffs and other Traveling Employees regularly traveled to job sites and remained there overnight.

32. Plaintiffs and other Traveling Employees traveled during normal business hours.

33. Plaintiffs and other Traveling Employees tracked their hours via timesheets maintained by Defendants.

34. Plaintiffs and other Traveling Employees were not allowed to record their drive time as work time on the timesheets.

35. Plaintiffs were required to arrive at the jobsite each workday 15 minutes before their shift was scheduled to begin, but Defendants refused to pay Plaintiffs for time worked before the start of their scheduled shift.

36. Plaintiffs were also regularly required to continue working past the end of their scheduled shift, but Defendants refused to pay Plaintiffs for time worked after the end of their scheduled shift.

37. Plaintiffs' supervisor regularly instructed them to continue working up to 2 hours past the end of their scheduled shift but required that they submit only their scheduled hours for payment.

38. Upon information and belief, other Traveling Employees were required to arrive 15 minutes before their shift was scheduled to begin and to continue working past the end of their scheduled shift, but they were only allowed to submit their scheduled shift hours for payment.

39. Defendants deducted 1 hour each day for lunch, but Plaintiffs were occasionally required to work through lunch, or were not allowed to take a full 1-hour lunch break.

40. Upon information and belief, Defendants also deducted 1 hour each day from other Traveling Employees' time for a "lunch break" but regularly or occasionally required them to work through most or all of that time.

41. Due to Defendants' practice of refusing to pay Plaintiffs and other Traveling Employees for drive time and its practice of paying Plaintiffs and other Traveling Employees only for their scheduled hours, Plaintiffs and other Traveling Employees worked hours which went uncompensated.

42. Plaintiffs regularly worked hours over forty in a week.

43. Other Traveling Employees also regularly or occasionally worked over forty hours in a week.

44. Plaintiffs and other Traveling Employees worked hours off the clock in weeks in which they also worked hours over forty.

45. At all relevant times, Defendants have deprived Plaintiffs and other Traveling Employees of overtime compensation for all of the hours worked over forty per week.

46. The net effect of Defendants' practices and policies regarding its time keeping practices, as described above, is that Defendants intentionally implemented practices in order to avoid paying Plaintiffs and other Traveling Employees an overtime premium for all hours worked over forty each week.

47. Defendant made no reasonable efforts to ascertain and comply with applicable law.

48. Defendants knew or should have known that Plaintiffs and other Traveling Employees were working hours for which they were not compensated.

49. Defendants knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

50. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, regardless of job title, who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorneys' fees and costs.

51. Plaintiffs propose the following collective under the FLSA:

**All hourly employees who traveled to a jobsite and remained at the jobsite for at least one night within the last three years.**

52. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

53. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

54. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They traveled to at least one job site and remained at the jobsite for at least one night;

    C. They recorded their time in the same manner; and

    D. They were not paid an overtime premium for all hours worked over 40 in a week.

55. Plaintiffs is unable to state the exact number of the collective but believes that the collective exceeds 50 individuals.

56. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

57. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

58. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

59. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

62. Defendants classified Plaintiffs as nonexempt from the requirements of the FLSA.

63. Defendants failed to pay Plaintiffs for all hours worked, including 1.5x their regular rate for all hours over 40 hours per week, despite their entitlement thereto.

64. Defendants knew or should have known that its actions violated the FLSA.

65. Defendants' conduct and practices, as described above, were willful.

66. By reason of the unlawful acts alleged herein, Defendants is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

67. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

69. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

70. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

71. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x the regular wages for all hours worked over 40 each week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

72. Defendants classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

73. Defendants failed to pay Plaintiffs and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

74. Defendants deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

75. Defendants knew or should have known that its actions violated the FLSA.

76. Defendants' conduct and practices, as described above, were willful.

77. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

78. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

79. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Ismael Arreola and Israel Arreola, each individually and on behalf of all other similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

D. An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ISMAEL ARREOLA and ISRAEL ARREOLA, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com