**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| ISMAEL   ARREOLOA   and   ISREAL ARREOLA, each individually and on behalf of all others similarly situated, | * * * * | Case No. 9:23-cv-50 |
| Plaintiffs, | * * | |
| v. | * * | |
| SOUTHERN INDUSTRIAL CONTRACTORS, LLC AND SAMUEL ESTIS | * * * | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, SOUTHERN
INDUSTRIAL CONTRACTORS, LLC AND SAMUEL ESTIS, TO PLAINTIFFS'
ORIGINAL COMPLAINT – COLLECTIVE ACTION**

**NOW INTO COURT**, through undersigned counsel, come Defendants, SOUTHERN

INDUSTRIAL CONTRACTORS, LLC ("Southern Industrial") and SAMUEL ESTIS ("Mr.

Estis") (collectively referred to as "Defendants"), who appear herein, fully reserving the right to

supplement and amend this Answer and Affirmative Defenses as discovery progresses, and who

with respect to this Honorable Court respond to the Original Complaint – Collective Action filed

by Plaintiffs, ISMAEL ARREOLA and ISREAL ARREOLA.  Defendants deny each and every

allegation set forth in the Complaint except as expressly admitted herein.  As to the allegations set

forth in each numbered paragraph of the Complaint, the Defendants further respond:

**I. PRELIMINARY STATEMENT**

1.

Defendants acknowledge that Plaintiffs seek relief under the statutes cited in Paragraph 1

of Plaintiffs' Complaint but deny that they have engaged in any conduct giving rise to such claims

4869670

and deny that Plaintiffs and the alleged putative class and/or putative action members ("putative plaintiffs" or "putative members") they purport to represent are entitled to any of the relief requested.  Defendants deny all remaining allegations contained in Paragraph 1.

2.

Plaintiffs claim they are entitled to certain remedies in Paragraph 2 of Plaintiffs' Complaint, but Defendants deny that they have engaged in any conduct giving rise to such remedies and deny that the putative plaintiffs or putative members are entitled to any of the requested relief.  Defendants further deny all remaining allegations in Paragraph 2 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

3.

Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendants admit the allegations contained in Paragraph 4 of Plaintiffs' Complaint as to Southern Industrial.  Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint as to Mr. Estis.

5.

Southern Industrial admits that it has engaged in business in Texas.  Defendants deny the remaining allegations in Paragraph 5 of Plaintiffs' Complaint.

6.

Defendants admit that this case is subject to this Court's jurisdiction, but Defendants deny that they reside in Texas.

4869670

7.

Defendants deny that they engaged in any conduct giving rise to the claims asserted in Plaintiffs' Complaint.  However, certain actions alleged in Plaintiffs' Complaint, if they occurred, occurred in the Lufkin Division of the Eastern District of Texas.  Defendants deny all remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

## III. THE PARTIES

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

9.

Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint for lack of sufficient information to justify a belief therein.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants admit the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendants admit the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of Plaintiffs' Complaint as to Southern Industrial. Defendants deny all remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

4869670

## IV. FACTUAL ALLEGATIONS

14.

Mr. Estis admits that he partially owns and is employed in the management of a construction company – Southern Industrial.  Defendants deny all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendants admit the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendants admit that Mr. Estis had the power to hire and fire Plaintiffs, but Defendants deny that Mr. Estis was an operating employer of Southern Industrial.  Mr. Estis specifically denies that he hired or fired either of the Plaintiffs.  Defendants deny all remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of Plaintiffs' Complaint as to Southern Industrial.  Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint as to Mr. Estis.

4869670

20.

Defendants admit the allegations contained in Paragraph 20 of Plaintiffs' Complaint as to Southern Industrial.  Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint as to Mr. Estis.

21.

Defendants admit that the Plaintiffs were employed by Southern Industrial.  Defendants deny allegations contained in Paragraph 21 of Plaintiffs' Complaint as to Mr. Estis. Defendants deny all remaining allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.

Southern Industrial admits that Plaintiff, Ismael Arreola, was employed by it on an hourly-paid basis.  Mr. Estis denies that he ever employed Plaintiff, Ismael Arreola. Defendants deny all remaining allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Southern Industrial admits that Plaintiff, Israel Arreola, was employed by it on an hourly-paid basis.  Mr. Estis denies that he ever employed Plaintiff, Israel Arreola. Defendants deny all remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

4869670

26.

Defendant Southern Industrial admits that it employed other workers, paid them and maintained some records regarding their employment.  Defendants deny the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants admit the allegations contained in Paragraph 27 of Plaintiffs' Complaint as to Plaintiffs only. Defendants deny all remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

 Mr. Estis denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint. Southern Industrial admits the allegations contained in Paragraph 28 of Plaintiffs' Complaint as to the Plaintiffs only.  Defendants deny the allegations as to "Travelling Employees" and all remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint as written as they did not employ "Traveling Employees."  Defendants deny that they owed Plaintiffs or any other employees pay for time spent traveling to the worksite. Defendants deny all remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendants admit that Plaintiffs have correctly quoted part of § 29 CFR 785.39.

4869670

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint as written.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint as written.

33.

Southern Industrial admits that it maintained time records of time worked by Plaintiffs and other Southern Industrial employees that worked at the same worksite.  Mr. Estis denies that he maintained any such records. Defendants deny the allegations as to "Travelling Employees" and all remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint. Further, Southern Industrial states that it did not prohibit any employees from recording their time.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint as written.  Defendant, Southern Industrial, compensated Plaintiffs for all time spent working.  Mr. Estis did not compensate Plaintiffs as he was not their employer.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint. Defendant, Southern Industrial, compensated Plaintiffs for all time spent working.  Mr. Estis did not compensate Plaintiffs as he was not their employer.

4869670

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint and further state that Southern Industrial did not employ "Traveling Employees."  Mr. Estis did not employ Plaintiffs or any other employees at the same worksite. Defendants deny all remaining allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

 Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint and further deny that either employed "Traveling Employees."

41.

Defendants deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint and further deny that the Plaintiffs or any other employees of Southern Industrial were "Traveling Employees."

42.

Defendants admit the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint and further deny that either employed "Traveling Employees."

4869670

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint and further deny that either employed "Traveling Employees."

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint and further deny that either employed "Traveling Employees."

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.

Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.

Defendants deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

## V. REPRESENTATIVE ACTION ALLEGATIONS

50.

The allegations of Paragraph 50 of Plaintiffs' Complaint state a legal conclusion, to which no response is required by Defendants.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to bring this suit as a collective action.  Defendants further deny that the "Travelling Employees", as that term is used in the Complaint, are similarly situated to Plaintiffs. Defendants further deny that Plaintiffs and any potential putative class members are entitled to any damages or relief as sought.

51.

Defendants deny that this action should proceed as a collective action under the Fair Labor Standards Act ("FLSA"). Defendants further respond that Plaintiffs are inadequate collective representatives because of the highly specific and individualized nature of the claims in the Complaint, that Plaintiffs are not similarly situated to the alleged putative class, and that Plaintiffs lack standing to bring this lawsuit. Defendants deny all remaining allegations of Paragraph 51 of the Plaintiffs' Complaint.

52.

The allegations contained in Paragraph 52 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny that Plaintiffs have filed a written Consent to Join this lawsuit.

53.

The allegations contained in Paragraph 53 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' Complaint and that the three year period under the FLSA applies to Plaintiffs or the proposed putative class.

54.

Defendants deny the allegations contained in Paragraph 54 of Plaintiffs' Complaint. Defendants deny that the individuals sought to be added as the proposed FLSA collective are similarly situated to Plaintiffs or to each other.

55.

The allegations contained in Paragraph 55 of Plaintiffs' Complaint state legal conclusions to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.

Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Complaint. Southern Industrial does not keep records as to the residence of each of its employees, if, when or how they travel or maintain themselves when they work at a job site outside of their residence.

57.

Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Complaint. Southern Industrial at some point in time possessed the physical and/or mailing addresses if  such was provided to it by each of its employees.  Southern Industrial cannot state with certainty whether or not it currently maintains the correct physical and/or mailing addresses for each individual member of the proposed collective.

58.

Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

## VI. FIRST CLAIM FOR RELIEF

59.

Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Complaint. Defendants further deny that Plaintiffs are entitled to any damages or relief as sought.

4869670

60.

Defendants admit the allegations contained in Paragraph 60 of Plaintiffs' Complaint as to Southern Industrial. Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint as to Mr. Estis.

61.

The allegations of Paragraph 61 of Plaintiffs' Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 61 as written.  Further, Defendants believe that Plaintiffs have misstated the actual substance of the cited statutes. Defendants deny all remaining allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.

Defendants admit that Southern Industrial classified the Plaintiffs as non-exempt from the requirements of the FLSA that they be paid overtime.  Mr. Estis denies he made any decisions of classification of Plaintiffs as exempt or non-exempt. Defendants deny all remaining allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint. Defendants further deny that they engaged in any conduct in violation of the FLSA.

65.

Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint. Defendants further deny that they engaged in any conduct in violation of the FLSA.

4869670

66.

The allegations contained in Paragraph 66 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Complaint. Further, Defendants deny that Plaintiffs are entitled to any damages or relief under the FLSA.

67.

Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.

Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

## VII. SECOND CLAIM FOR RELIEF

69.

The allegations contained in Paragraph 69 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.

Defendants admit the allegations contained in Paragraph 70 of Plaintiffs' Complaint as to Southern Industrial.  Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Complaint as to Mr. Estis.

71.

The allegations contained in Paragraph 71 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

4869670

72.

Defendants admit that Southern Industrial classified the Plaintiffs as non-exempt from the requirements of the FLSA that they be paid overtime.  Mr. Estis denies he made any decisions of classification of Plaintiffs as exempt or non-exempt.

73.

The allegations contained in Paragraph 73 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.

Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.

The allegations contained in Paragraph 76 of Plaintiffs' Complaint state a legal conclusion to which a response is not required by Defendants.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.

Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Complaint. Further, Defendants deny that Plaintiffs and members of the proposed collective action are entitled to any damages or relief under the FLSA.

4869670

78.

Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Complaint. Further, Defendants deny that Plaintiffs and members of the proposed collective action are entitled to any damages or relief under the FLSA.

79.

Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint. Further, Defendants deny that Plaintiffs and members of the proposed collective action are entitled to any damages or relief under the FLSA.

## VIII. PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any damages or relief as sought and prayed for in the Complaint.  Defendants further deny  that the members of the proposed collective action are entitled to any damages or relief sought or prayed for in Plaintiffs' Complaint.

Defendants specifically deny all allegations not specifically admitted or denied herein.

AND NOW FURTHER RESPONDING HEREIN, come Defendants, SOUTHERN INDUSTRIAL CONTRACTORS, LLC ("Southern Industrial") and SAMUEL ESTIS ("Mr. Estis") (hereinafter sometimes collectively referred to as "Defendants") who assert the following affirmative defenses to Plaintiffs' claims. Defendants hereby set forth below their Affirmative Defenses to Plaintiffs' Complaint and every cause of action alleged against Defendants therein, without assuming or undertaking any burden of proof of the matters that, pursuant to the law, are Plaintiffs' burden of proof.

4869670

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim, in whole or in part, against Defendants, upon which relief can be granted, either on their behalf or on behalf of those persons they purport to represent or to whom they purport to be similarly situated.

## SECOND AFFIRMATIVE DEFENSE

Subject to further proof through discovery, some or all of the claims asserted by Plaintiffs on behalf of themselves and those they allege to be similarly situated are barred by the equitable doctrine of estoppel, unclean hands, laches and/or waiver, respectively.

## THIRD AFFIRMATIVE DEFENSE

This suit is not appropriate for collective or representative action pursuant to Federal Rules of Civil Procedure 23, 29 U.S.C. § 216(b), or otherwise, and the Defendants deny that Plaintiffs can establish the requisite elements necessary to obtain certification of an FLSA collective action.

## FOURTH AFFIRMATIVE DEFENSE

This suit is not appropriate for collective representation action status as Plaintiffs fail to meet the minimal pleading requirements necessary to maintain a collective action to justify issuance of notice pursuant to F.R.C.P. 23, or 29 U.S.C. § 216(b).

## FIFTH AFFIRMATIVE DEFENSE

Named Plaintiffs cannot maintain a collective action under 29 U.S.C. § 216 as neither the Plaintiffs, nor the alleged putative plaintiffs are "similarly situated" to each other or anyone else for the purposes of allegations or claims made in this lawsuit.  Defendants state that collective representative treatment is not warranted as multiple distinctions exist as to the alleged putative plaintiffs, including but not limited to the fact that not all putative plaintiffs lived in the same

4869670

locations, traveled from the same locations, or were instructed to work in the same manner by the same supervisors, and had different supervisors.

## SIXTH AFFIRMATIVE DEFENSE

This suit is not appropriate for collective or representative action status as plaintiffs fail to demonstrate that prosecuting separate actions by individual alleged putative plaintiffs would create a risk of inconsistent, dispositive adjudications.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims on behalf of any alleged putative plaintiff are subject to dismissal, in whole or in part, to the extent that any alleged putative plaintiff did not incur a cognizable injury, did not occur any damages, or otherwise lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants aver that Defendants did not show reckless disregard for whether the conduct was prohibited by the FLSA.   Southern Industrial avers that it relied upon Plaintiffs' representations as to their living and travel arrangements in making decisions concerning their compensation.  Defendants further relied on the Plaintiffs' representations concerning the hours that they worked and their compliance with Southern Industrial's policies concerning working hours and the recording of time.

## NINTH AFFIRMATIVE DEFENSE

Defendants aver that any violations of the FLSA concerning the Plaintiffs' compensation or compensation of the alleged putative plaintiffs was not willful.

## TENTH AFFIRMATIVE DEFENSE

Any action taken with respect to Plaintiffs, and any other individuals they allege to be putative plaintiffs, were taken in good faith in conformity with employee timekeeping records and

4869670

reliance upon written administrative regulations, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259 or regarding Louisiana or Texas statutes or regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the alleged collective which Plaintiffs purport  to represent are barred, in whole or in part, without provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any actions taken in connection with Plaintiffs' compensation and the compensation of the alleged similarly situated collective were done in good faith and/or with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA or of any Louisiana or Texas statute or regulation.  Accordingly, this Court should exercise its discretion to eliminate or reduce any potential award of liquidated damages.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or any alleged similarly situated employees are awarded liquidated damages, they are not entitled to prejudgment interest.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any equitable and/or monetary award to which Plaintiffs and/or the alleged putative plaintiffs cannot exceed the limitations, if any, imposed by the applicable statutes, regulations or rules.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to offset or set off any payments made in error or in excess to the Plaintiffs during the same or prior pay periods, specifically, Defendants are entitled to offset or set off any compensation paid but not due to Plaintiffs.

4869670

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and/or the alleged similarly situated employees did not actually work the hours which they reported, they are not entitled to recovery under the FLSA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Whether the named Plaintiffs and/or any alleged putative plaintiffs actually worked the number of hours reported is questionable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Mr. Estis denies that he was an employer of Plaintiffs and/or any alleged putative plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants expressly reserve the right to file and assert any defenses or affirmative defenses that are or may become available during subsequent proceedings in this action, whereas may be established through discovery.  Defendants further reserve the right to amend this Answer to assert such defenses upon the discovery of further information regarding Plaintiffs' claims and/or claims by the alleged putative plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants further invoke any and all defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C., *et seq.*, and/or its regulations.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Southern Industrial made erroneous, improper deductions from Plaintiff's compensation, or the compensation of the putative collective group, Southern Industrial had in place during the relevant time periods a clearly communicated policy that prohibits improper deductions and sets forth a clear complaint procedure.  Plaintiffs unreasonably failed to avail themselves of said policy.

4869670

WHEREFORE, Defendants, SOUTHERN INDUSTRIAL CONTRACTORS, LLC and SAMUEL ESTIS respectfully pray that after due proceedings are had, the claims filed in these proceedings by Plaintiffs, ISMAEL ARREOLA and ISREAL ARREOLA, be dismissed with prejudice, and that judgment be rendered in favor of Defendants for all costs, fees, expenses, damages, and attorney's fees determined to be reasonable in the premises.

RESPECTFULLY SUBMITTED:

BREAZEALE, SACHSE & WILSON, L.L.P.
Eve B. Masinter (La. Bar Roll No. 1218)
Jerry L. Stovall, Jr. (Texas Bar Roll No. 19343700)
                    (La. Bar Roll No. 23318)
Rachael A. Jeanfreau (La. Bar Roll No. 33903)
P.O. Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone:  (225) 381-4000
Facsimile:  (225) 387-5397
eve.masinter@bswllp.com
jerry.stovall@bswllp.com
rachael.jeanfreau@bswllp.com


_____*s/ Jerry L. Stovall, Jr.*_____
Jerry L. Stovall, Jr.
***Counsel for Southern Industrial, LLC and Sam Estis***

4869670

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| ISMAEL ARREOLOA and ISREAL ARREOLA, each individually and on behalf of all others similarly situated, | * | No. 9:23-cv-50 |
| | * | |
| | * | JUDGE: |
| | * | |
| Plaintiffs, | * | MAGISTRATE JUDGE: |
| | * | |
| v. | * | |
| | * | |
| SOUTHERN INDUSTRIAL | * | |
| CONTRACTORS, LLC AND SAMUEL | * | |
| ESTIS | * | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the above and forgoing has been filed via the Court's electronic filing system which will give notice to all counsel of record.

Baton Rouge, Louisiana this 22nd day of September 2023.

_s/ Jerry L. Stovall, Jr_
Jerry L. Stovall, Jr.

4869670