**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| ISMAEL   ARREOLOA   and   ISREAL | * | No. 9:23-cv-50 |
| ARREOLA, each individually and on behalf | * | |
| of all others similarly situated, | * | JUDGE: MICHAEL J. TRUNCALE |
| | * | |
|     Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| SOUTHERN INDUSTRIAL | * | |
| CONTRACTORS, LLC AND SAMUEL | * | |
| ESTIS | * | |

**JOINT CONFERENCE REPORT**

1.      A brief factual and legal synopsis of the case.

*Plaintiff's Brief Factual Background and Legal Synopsis:* The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, requires employers to pay employees one and one-half (1.5) times their regular rate for all hours worked over forty (40) per week. Plaintiffs bring this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and other similarly situated employees all overtime wages as required by the FLSA.

Plaintiff Ismael Arreola worked for Defendants as an hourly-paid Foreman from approximately September of 2021 until July of 2022, and Plaintiff Israel Arreola worked for Defendants as an hourly-paid Foreman and GPS Technician from approximately March of 2022 until June of 2022. As part of their job requirements, Plaintiffs were regularly required to drive from their homes in Eagle Pass, Texas, to Defendant's job site in Corrigan, Texas, and they would frequently be required to remain at these job sites overnight. Defendant did not pay Plaintiffs for their drive time during normal working hours when they traveled to their job site. Plaintiffs were also frequently required to work uncompensated off-the-clock hours both before and after their shifts and occasionally through their lunch breaks.

Defendants also employed other hourly-paid traveling employees who were regularly required to drive to Defendants' job sites. Upon information and belief, these other traveling employees were similarly uncompensated for their drive time during normal working hours when they traveled to a job site. Upon information and belief, these other traveling employees were also frequently required to work uncompensated off-the-clock hours both before and after their shifts and occasionally through their lunch breaks. Plaintiffs seek to bring claims on behalf of all other traveling employees similarly situated.

*Defendants' Brief Factual Background*:

Defendant, .Samuel Estis is a part owner and employee of Defendant, Southern Industrial Contractors, LLC.  However, Mr. Estis does not believe that he meets the legal definition of an "employer" under the FLSA, or that he had or exercised the type of authority and control that would render him subject to personal liability to the Plaintiffs in his individual capacity.

Defendants Mr. Estis and Southern Industrial Contractors, LLC, do not believe that the Plaintiffs and the workers whom they purport to include in the collective representative group are sufficiently similarly situated that this matter is appropriate for collective certification.  Defendants believe that there are significant factual differences between living and working situations of each purported member so that collective representation would not be appropriate.

Defendants Mr. Estis and Southern Industrial Contractors, LLC, deny that the Plaintiffs were *required to drive from their homes in Eagle Pass, Texas, to Defendant's job site in Corrigan, Texas*.  Rather, the Plaintiffs, who were not then employed by Defendants, applied to work on a project in Corrigan, Texas.  It was they who chose to apply for work out-of-town; Defendants did not require them to travel in the course of their work or for Defendants benefit.

Southern Industrial Contractors, LLC had in place policies and practices requiring its employees to accurately record all of their working time, and forbidding them to work "off the clock."  Defendants have no reason to believe that Plaintiffs violated these policies, did not accurately report their working time, or worked "off the clock."

*Jurisdiction of this Court:*

The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises claims under the Fair Labor Standards Act.

2.   Confirm that initial mandatory disclosures required by Rule 26(a)(1) and this Order have been completed.

The parties have completed initial mandatory disclosures.

3.   Proposed Scheduling Order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule. **Now is the time to inform the court of any special complexities or need for more time before the trial setting.** The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

The lawsuit has been filed as a proposed collective action under the Fair Labor Standards Act.  As such, the scope of the proceedings will be dependent upon the Court's ruling on the Plaintiffs' anticipated Motion for Certification. For this reason, the parties are proposing a "bifurcated" scheduling order.

4.      If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.

The parties have agreed to discuss the possibility of mediation after the Court has ruled on the Plaintiffs' anticipated Motion for Certification.

5.      What changes, if any, should be made to the limitations on discovery imposed by the rules, including number of depositions and interrogatories.

Please refer to the attached Proposed Scheduling Order.

The parties propose a "bifurcated" discovery process: An Initial Phase allowing for 30 Interrogatories, 30 Requests for Production and 30 Requests for Admission addressed to each party and 5 depositions, all geared to the certification issue of "similarly situated"; and then a "Substantive Phase" after the Court rules on the Plaintiffs' anticipated Motion for Certification, comprised of the standard discovery contained in the Court's sample Proposed Scheduling Order.

The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The parties agree that discovery may be signed by e-signature rather than by hand.

6.      The identity of persons expected to be deposed.

Plaintiffs expect to depose the Defendants and any experts identified by the Defendants. Defendants expect to depose the Plaintiffs and any experts identified by the Plaintiffs.

7.      Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties do not anticipate any unique issues related to electronically stored information ("ESI"). The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in a reasonably accessible format such as PDF.

8.      Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.

The parties have agreed to preserve all documents, including electronically stored information, related to the Plaintiffs' claims and Defendants' defenses, and do not anticipate any unique disputes in this regard.

3

9.      Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

The parties do not anticipate the need for the issuance of any order other than a Scheduling Order at this time.

10.     The expected length of trial and whether it will be to a jury or the bench.

This will be a bench trial.

If this matter is certified as a collective action, the parties anticipate that it will take up to five days.

If this matter is not certified as a collective action, the parties anticipate that it will take up to three days.

11.     The names of the attorneys who will appear on behalf of the parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

Mr. Jacob Roussel will appear on behalf of the Defendants.

Mr. Colby Qualls will appear on behalf of the Plaintiffs.

12.     Any other matters that counsel deem appropriate for inclusion in the Joint Conference Report.

Nothing at this time.

## APPENDIX 1

### PROPOSED SCHEDULING ORDER DEADLINES

The following actions shall be completed by the date indicated. The dates indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes.

| | |
|---|---|
| (1 week after mgmt. conf.) | Deadline for Motions to Transfer |
| (6 weeks after mgmt. conf.) | Deadline to add parties without leave of court |
| (16 weeks after mgt. conf.) | Deadline to complete Phase I discovery related solely to certification. |
| (8 weeks after deadline to complete Phase I discovery) | Deadline for Motion to Certify Class |
| (2 weeks after court rules on certification motion) | If applicable, deadline for Defendants to produce the class list to Plaintiffs. |
| (2 weeks after Plaintiffs receive class list from Defendants) | Deadline for Plaintiffs to send notice to potential class members. |
| (90 days after initial class notice is sent) | Deadline to opt in. Any plaintiff wishing to join this collective action must file their Consent to Join Collective Action form by this date. |

5

| | |
|---|---|
| (6 weeks after court denies certification motion, or 10 weeks after close of opt-in period) | If parties plan to mediate, state date parties propose. This should be as early as possible, to avoid expense |
| (6 weeks after court denies certification motion, or 4 weeks after close of opt-in period) | Deadline for plaintiff(s) to file amended pleadings. A motion for leave to amend is not necessary. |
| (8 weeks after court denies certification motion, or 6 weeks after close of opt-in period) | Deadline for defendant(s) to file amended pleadings. A motion for leave to amend is not necessary. |
| (12 weeks after court denies certification motion, or 12 weeks after close of opt-in period) | Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| (12 weeks after court denies certification motion, or 12 weeks after close of opt-in period) | Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof, pursuant to Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
| (7 weeks after disclosure of an expert is made) | Deadline to object to any other party's expert witnesses. <br><br> Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. The court will not accept objections to experts filed in any form—i.e., Motions in Limine—after this date. <br><br> Expert reports should include the categories of information set out in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi) and 26(a)(2)(C)(i)-(ii). Challenges to expert reports include those set out in Federal Rule of Evidence 702(a)-(d) and 703. |

6

| | |
|---|---|
| (6 weeks after conclusion of Phase II discovery) | Deadline for Motions to Dismiss, Motions for Summary Judgment, or other dispositive motions. |
| (28 weeks after court denies certification motion, or 24 weeks after close of opt-in period) | All discovery shall be commenced in time to be completed by this date. |
| (9 weeks before Final Pretrial) | Notice of intent to offer certified records. |
| (8 weeks before Final Pretrial) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).<br><br>To avoid the cost of designating deposition extracts and objecting to same, counsel shall discuss witnesses who have to be presented by deposition. Counsel should agree on a list of witnesses whom each counsel will subpoena, or if beyond the subpoena range (see Federal Rule of Civil Procedure 45), whom each counsel will arrange to have present at trial. |
| ( 4 weeks before Final Pretrial) | For witnesses who are not going to be called live, oral, and video deposition designations due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting line and page numbers to be offered. Counsel must consult on any objections, and only those which cannot be resolved shall be presented to the court.6 The party who filed the initial video deposition designation is responsible for preparation of the final edited video in accordance with all parties' designations, and the court's rulings on objections. (Designations are not to be made for witnesses who will appear live, nor for impeachment on cross-examination.) |

7

| | |
|---|---|
| (2 weeks before Final Pretrial) | File unresolved objections to oral and video deposition extracts. |
| (3 weeks before Final Pretrial) | Motions in Limine due.<br><br>Deadline to file Joint Final Pretrial Order. (Obtain form for Exhibit List from Eastern District's website; obtain form for Joint Final Pre-Trial Order under the "Standard Forms" tab on Judge Truncale's page.<br><br>Go to Judges > Judge Michael J. Truncale > Standard Forms.   http://www.txed.uscourts.gov/judge/judge-michael-truncale |
| (2 weeks before Final Pretrial) | Response to Motions in Limine due.<br><br>File Proposed Jury Instructions/Verdict Form (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by court. Usually within 10 days prior to Final Pretrial | If numerous objections are filed the court may set a hearing consider all pending motions and objections. |
| (4 months after dispositive motions deadline) | 9:00 a.m. Final Pretrial Conference in Courtroom 2, Jack Brooks Federal Courthouse, 300 Willow Street, Beaumont, Texas. Date parties should be prepared to try case. Provide court with two copies of Exhibit List, using form from District Clerk's Office. Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order. |
| (week after Final Pretrial) | 9:00 a.m. Bench Trial at the Ward R. Burke Federal Courthouse, 104 N. Third Street, Lufkin, Texas. |

8

RESPECTFULLY SUBMITTED:

BREAZEALE, SACHSE & WILSON, L.L.P.
Eve B. Masinter (La. Bar Roll No. 1218)
Jerry L. "Jay" Stovall, Jr. (Texas Bar Roll No. 19343700)
(La. Bar Roll No. 23318)
Rachael A. Jeanfreau (La. Bar Roll No. 33903)
P.O. Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone:  (225) 381-4000
Facsimile:  (225) 387-5397
jerry.stovall@bswllp.com
eve.masinter@bswllp.com
rachael.jeanfreau@bswllp.com

*/s/ Jerry L. Stovall, Jr.*
Jerry L. "Jay" Stovall, Jr.
***Counsel for Southern Industrial, LLC and Sam Estis***


and         FORESTER HAYNIE, PLLC
Colby Qualls (Ark. Bar No. 2019246)
Katherine Serrano (Tex. Bar No. 24110764)
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100
cqualls@foresterhaynie.com
kserrano@foresterhaynie.com


*/s/ Colby Qualls*
Colby Qualls
***Counsel for Ismael Arreola and Israel Arreola Plaintiffs***

9

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| ISMAEL ARREOLOA and ISREAL ARREOLA, each individually and on behalf of all others similarly situated, | * | No. 9:23-cv-50 |
| | * | |
| | * | JUDGE: |
| | * | |
| Plaintiffs, | * | MAGISTRATE JUDGE: |
| | * | |
| v. | * | |
| | * | |
| SOUTHERN INDUSTRIAL | * | |
| CONTRACTORS, LLC AND SAMUEL | * | |
| ESTIS | * | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the above and forgoing has been filed via the Court's electronic filing system which will give notice to all counsel of record.

Baton Rouge, Louisiana this 26th day of October 2023.

/s/Jerry L. Stovall, Jr._____
Jerry L. "Jay" Stovall, Jr.

10

BRIMAN\6686\35211\4893526.v1-10/26/23