IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**ISMAEL ARREOLA, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 9:23-cv-50-MJT

**SOUTHERN INDUSTRIAL CONTRACTORS, LLC, and SAMUEL ESTIS** **DEFENDANTS**

**REPLY IN SUPPORT OF MOTION FOR CERTIFICATION, FOR DISCLOSURE OF CONTACT INFORMATION, AND TO SEND NOTICE**

Plaintiff Ismael Arreola ("Plaintiff"), individually and on behalf of all others similarly situated, files this Reply in Support of his Motion for Certification, for Disclosure of Contact Information, and to Send Notice, and respectfully shows the Court as follows:

**A. The Court should disregard Defendant's premature merits-based arguments**

The Court should disregard Defendant's argument that Plaintiff's "commute" time is not compensable under the Portal-to-Portal Act because it is a merits-based argument that is not properly before the Court at this time. *See, e.g.*, *Gomez v. Glob. Precision Sys., LLC*, Case No. EP-21-CV-00269-DCG, 2024 U.S. Dist. LEXIS 147680, at *16-17 (W.D. Tex. Aug. 19, 2024) ("Defendants argue that Plaintiffs' [Motion for Notice under 29 U.S.C. § 216(b)] should be denied because all of the potential and named plaintiffs' overtime claims here were covered under the Portal-to-Portal Act . . . However, at this stage in the proceedings, the Court cannot opine on or endorse the merits of a plaintiff's action . . . Therefore, the Court will not address Defendants' argument on the merits of Plaintiffs' claims for overtime.") (internal citations omitted). *See also Torres v. Chambers Protective*

*Servs. Inc. et al.*, Case No. 5:20-CV-212-H, 2021 U.S. Dist. LEXIS 146586, at * 33 (N.D. Tex. Aug. 5, 2021) ("Nothing in *Swales* indicates or encourages courts to circumvent the notice analysis and move directly to the merits. In fact, *Swales* discourages courts from weighing in on the merits at this point.") (citation omitted). This Court should thus refuse to consider Defendant's non-compensable "commute" time argument until it is properly before the Court and can be fully briefed.

Relatedly, Defendant's argument for a two-year statute of limitations is also a merits-based argument that should be ignored at this juncture. *Ortiz v. Trinidad Drilling, LLC*, Case No. SA-20-CV-00503-OLG, 2020 U.S. Dist. LEXIS 168739, at * 13 (W.D. Tex. Sept. 14, 2020) ("The Court rejects Defendants' contention that it should consider the question of willfulness in determining the time period to include in the class definition, as willfulness is a merits question not to be considered at the certification stage of FLSA litigation.") (citation omitted).

**B. Plaintiff's proposed collective is manageable**

Though Defendant argues that the proposed collective and class definition is "nebulous" and "unmanageable," a district court in the Sixth Circuit has previously conditionally certified a collective that is almost identical to what Plaintiff has proposed here. *See Neville v. Nelson Tree Serv., LLC*, Case No. 3:18-cv-368, 2019 U.S. Dist. LEXIS 66446, at *20-21 (S.D. Ohio Apr. 18, 2019) ("The following collective is conditionally certified: all current or former hourly non-exempt employees of Defendant who (1) were required, due to the distance from their home community to a jobsite, to stay overnight; (2) have not been paid for time spent traveling to jobsites; . . . and (4) as a result of the travel time to the remote job, worked over 40 hours in any workweek beginning November

8, 2015, and continuing through the date of the final disposition of this case[.]") Though the burden for conditional certification is more lenient than what is required under *Swales*, it is still persuasive that the court in *Neville* found that an almost identical "class is manageable" at that specific juncture. 2019 U.S. Dist. LEXIS 66446, at *17.

Furthermore, the Court "has broad discretion as to certification matters and the procedures to apply in collective actions." *Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2021 U.S. Dist. LEXIS 101258, at * 35 (W.D. Tex. May 28, 2021). The Court has various tools to manage a complex collective action, such as establishing subclasses, permitting summary judgment motions against individual plaintiffs or subclasses of plaintiffs, and "permitting 'individualized evidence through testimony to the jury or deposition excerpts to the court.'" *Id.* at * 35-37 (quoting *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 227 (5th Cir. 2011)). There is no reason to believe that with the tools at the Court's disposal that it could not manage the proposed collective here, which, to repeat, is a proposed class definition almost identical to one conditionally certified in *Neville*. 2019 U.S. Dist. LEXIS 66446, at *20-21. In addition, and as argued in Plaintiff's Motion (ECF No. 32), the law favors collective actions because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and providing the chance to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The fact that there may be multiple fact issues that will need to be determined at trial related to plaintiffs does not necessarily make a collective unmanageable. *See, e.g.*, *Roberts v. Baptist Healthcare Sys., LLC*, Case No 1:20-cv-00092-MAC, 2022 U.S. Dist. LEXIS 160236, at *31-35 (E.D. Tex. Aug. 9, 2022). Related again to some of the tools at

the Court's disposal to manage a collective action, a "court may also bifurcate liability and damages in the interest of judicial economy if necessary." *Id.* at *34 (citation omitted). "Even though a 'defense may require specific factual inquiries about each Plaintiff,' when the Defendant asserts the defense against each Plaintiff, 'collective treatment is less problematic.'" *Segovia*, 2021 U.S. Dist. LEXIS 101258, at *31 (quoting *Snively v. Peak Pressure Control, LLC*, 314 F. Supp. 3d 734, 742 (W.D. Tex. 2018)).

**C. Plaintiff is similarly situated to the members of the proposed collective**

"'[T]he question is not whether [p]laintiffs all have the same exact work day,' but rather 'whether they are all subjected to a common policy, plan, or practice—the same factual and employment settings.'" *Segovia*, 2021 U.S. Dist. LEXIS 101258, at * 28 (quoting *Serrano v. Republic Servs., Inc.*, Case No. 2:14-CV-77, 2017 U.S. Dist. LEXIS 89551, at *187 (S.D. Tex. June 12, 2017) (citing *Vanzzini v. Action Meat Distribs.*, 995 F. Supp. 2d 703, 722-23 (S.D. Tex. 2014))). "Variations of a particular workday or variations between employees 'go to the magnitude of the effect of the common decision on individual [employees] rather than undermining the fact that it was a common policy, plan, or practice that affected them all.'" *Segovia*, 2021 U.S. Dist. LEXIS 101258, at * 28 (quoting *Serrano*, U.S. Dist. LEXIS 89551, at *189).

The "material" differences that Defendant focuses on, such as determining a commute's length, time spent commuting, and pay owed commuting, goes to the magnitude of the effect of the common policy and to damages, which should not be a basis for denying certification. Furthermore, as argued in Plaintiff's Motion (ECF No. 32), it does not matter "that the purported class members held different positions at different locations under different supervisors [because that is] not material to whether individuals

under the same pay scheme as Plaintiff were also improperly denied overtime pay . . . therefore [it] does not bar class certification . . . .” *Bandy v. TRC Sols., Inc.*, Case No. 1:22-cv-144, 2024 U.S. Dist. LEXIS 67093, at *13 (W.D. Tex. Apr. 11, 2024) (citing *Loy v. Rehab Synergies, L.L.C.*, 71 F.4th 329, 329 (5th Cir. 2023)). Defendant cannot dispute that all of the members of the proposed collective are subject to the same alleged FLSA violation and company-wide policy, i.e., not ever being paid for their travel time to job sites that necessitated an overnight stay and cut across normal work hours during weeks in which they also worked over 40 hours.

**D. *Bristol-Myers Squibb* does not apply, and the Court has jurisdiction over out of state collective members**

There is a split in courts within the Fifth Circuit as to whether to apply *Bristol-Myers Squibb* to collective actions. *Costellow v. Becht Eng’g Co.*, 597 F. Supp. 3d 1089, 1096 (E.D. Tex. Mar. 21, 2022); *see also Garcia v. Vasilia*, 319 F. Supp. 3d 863, 879-80 (S.D. Tex. 2018) (“Some district courts have found that *Bristol-Myers* prevents them from exercising jurisdiction over claims by out-of-state plaintiffs in class actions and collective actions . . . Other district courts have determined that *Bristol-Myers* should not apply to class actions or FLSA collective actions, citing the extra protection provided in certifying a class under either Rule 23 or the FLSA.”).

When a court in the Eastern District of Texas was previously presented with an opportunity to decide whether to apply *Bristol-Myers Squibb* to collective actions, it determined that reaching a conclusion was not necessary at the time. *Costellow*, 597 F. Supp. 3d at 1096 (“While this case may seem like a prime opportunity to enter the fray, this Court does not need to; Defendants waived their personal jurisdiction defense.”). However, a number of other courts have declined to apply *Bristol-Myers Squibb*. *See*

*Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, Case No. 17-2161, 2018 U.S. Dist. LEXIS 43974, at *12-14 (E.D. La. Mar. 18, 2018) (noting that several courts have "declined to extend the holding in *Bristol-Myers* to class actions" and that there are "material differences between mass tort actions [like the claims in *Bristol-Myers*] and class actions.").

Alternatively, should this Court choose to apply *Bristol-Myers Squibb* to this proposed collective action, Plaintiff would seek to narrow the proposed class by limiting it to only those who work or worked on a project in Texas. In fact, that is exactly what a court did in one of the cases cited by Defendant. *Loebsack v. Dufresne Spencer Grp., LLC*, Case No. 4:21-cv-1884, 2022 U.S. Dist. LEXIS 133427, at * 13 (S.D. Tex. July 11, 2022) ("The potential application of the principles in *Bristol-Myers Squibb* to FLSA actions weighs heavily against certifying a collective action that includes employees whose claims have no connection to Texas . . . Therefore, the Court recommends that the District Judge certify the alternative, narrowed collective action proposed by Plaintiffs in their Reply . . . .").

**E. Plaintiff's proposed methods of distribution and form of notice are reasonable**

Defendant's objections to the proposed notice form, and the notice process, are uniformly self-serving and meant to reduce participation by putative collective members. Courts "should not alter plaintiff's proposed notice, unless certain changes are necessary," and "[t]he only changes made by the Court result from its duty to ensure that the notice is fair and accurate." *White v. 14051 Manchester*, No. 4:12CV469 JAR, 2012 U.S. Dist. LEXIS 170052, *15 (E.D. Mo. Nov. 30, 2012); *see also Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 U.S. Dist. LEXIS 15104, at *36 (S.D. Tex. Feb. 22,

2010) (internal quotation marks omitted). Plaintiff's Notice is fair and accurate, and the distribution plan is fair to both the litigants and putative class members, and it furthers the purposes of the FLSA. Regardless, Plaintiff is happy to confer about the content of the Notice and Consent if certification is granted, provided Defendant agrees to a tolling of the statute of limitations for the amount of time it takes to come to an agreed form.

Plaintiff's request to post notice at Defendant's project sites should be approved because it is designed to reach the maximum number of class members in the shortest amount of time. Workplace notice posting is warranted because it is routinely approved by courts as a simple and effective way of advancing the remedial purpose of the FLSA by increasing the likelihood that all putative class members receive notice. *See Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 U.S. Dist. LEXIS 50384, at *15 (W.D. Tex. April 16, 2015); *see also Bridgewater v. GES Gladiator Energy Servs. Tex., LLC*, No. 5:15-CV-975-RP, 2015 U.S. Dist. LEXIS 192429, at * 7 (W.D. Tex. Dec. 22, 2015); *Ramos v. Capitan Corp.*, No. MO:16-CV-75-RAJ, 2016 U.S. Dist. LEXIS 191121, at *18-19 (W.D. Tex. May 18, 2016).

Furthermore, the putative members of the collective are similar to the Plaintiffs in *Butler v. TFS Oilfield Servs., LLC*, in which the court allowed posting notice. Case No. SA-16-CV-1150-FB, 2017 U.S. Dist. LEXIS 218126, at * 19 (W.D. Tex. Sept. 26, 2017) ("[T]he putative class is comprised of workers who disperse to non-centralized and remote worksites throughout Texas and other states where they spend long hours away from their home residences."). Posting notice should be approved because it provides notice "'to employees whose work undisputedly requires them to travel . . . and stay away from home for days at a time.'" *Id*. (quoting *Jones v. Cretic Energy Servs., LLC*, 149 F. Supp.

3d 761, 776 (S.D. Tex. 2015)). However, to clear some potential confusion, Plaintiff is only seeking to post notice at Defendant's current, active project sites for the duration of the opt-in period.

For similar reasons as above, the Court should also allow e-mail notice as well as posting because the putative members of the proposed collective are frequently away from home for work. Furthermore, courts in the Fifth Circuit frequently approve notice by e-mail. *Jaso v. Bulldog Connection Specialists LLC*, Case No. 2:15-CV-269, 2015 U.S. Dist. LEXIS 140778, at *17 (S.D. Tex. Oct. 15, 2015); *see also Butler*, 2017 U.S. Dist. LEXIS 218126, at *19 ("Nor is there a valid reason why the parties should not agree to e-mail notice in the year 2017."). The fact that it would be "tedious" for Defendant to compile e-mail addresses is not a valid reason to disallow e-mail notice and deny putative collective members an opportunity to participate.

Finally, the proposed notice already informs potential opt-in plaintiffs of their right to consult their own legal counsel. *See* ECF No. 32-1, p. 5. In addition, Defendant cites no authority for its claim that notice forms should be sent to the Clerk of Court rather than Plaintiff's counsel. Defendant also makes this claim summarily without any argument, as well as no authority. It is common and routine, however, for potential opt-ins to return consent forms to plaintiff's counsel rather than the Court and would preserve the Court's resources. *See, e.g.*, *Ramirez v. Trail*, 333 F.R.D. 89, 95 (E.D. Tex. Oct. 15, 2019); *Ridley v. Regency Vill., Inc.*, Case No. H-17-974, 2018 U.S. Dist. LEXIS 42541, at *26 (S.D. Tex. Mar. 15, 2018); *Ferguson v. Tex. Farm Bureau Bus. Crop.*, Case No. 6:17-CV-00111, 2017 U.S. Dist. LEXIS 216859, at *25-26 (W.D. Tex. Dec. 11, 2017).

## CONCLUSION

Plaintiff has demonstrated that Plaintiff and putative class members are similarly situated. While "[p]roceeding collectively always poses certain logistical challenges," the proposed collective is manageable. *Clark v. Centene Co. of Tex., L.P.*, 44 F. Supp. 3d 674, 691 (W.D. Tex. 2014). In order to facilitate the purposes of the FLSA's collective action provisions, this Court should authorize a Court-approved notice to be issued by Plaintiff to potential plaintiffs. Such a notice will allow those individuals whose rights are eroding each day to be informed of this action and their right to join. Because Plaintiff has met his burden of showing that similarly situated individuals exist that have not been notified about the present suit, the Court should enforce the provisions of the FLSA and grant Plaintiff's Motion for Certification, for Disclosure of Contact Information, and to Send Notice.

Respectfully submitted,

**ISMAEL ARREOLA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

FORESTER HAYNIE, PLLC
400 North Saint Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
cqualls@foresterhaynie.com

Katherine Serrano
Tex. Bar No. 24110764
kserrano@foresterhaynie.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing REPLY was filed via the CM/ECF system, which will provide notice to the following attorneys of record:

Jacob Roussel
Jerry L. "Jay" Stovall, Jr.
Eve. B. Masinter
Rachel A. Jeanfreau
BREAZEALE, SACHSE & WILSON, L.L.P.
P.O. Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 381-4000
Facsimile: (225) 387-5397
Jacob.roussel@bswllp.com
Jerry.stovall@bswllp.com
Eve.masinter@bswllp.com
Rachael.jeanfreau@bswllp.com

*/s/ Colby Qualls*______
**Colby Qualls**